1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                            **DISTRICT OF NEVADA**

10

11   AYODELE AKINOLA,              )        3:14-cv-00222-HDM-WGC
                                   )
12                  Plaintiff,     )
                                   )        ORDER
13   vs.                           )
                                   )
14   DAVID SEVERNS, an individual, )
     MIKE PREMO, an individual,    )
15                                 )
                    Defendants.    )
16   _____)

17        Before the court is plaintiff Ayodele Akinola's motion for

18   leave to file an amended complaint(#20). Defendants David Severns

19   and Mike Premo responded (#22); plaintiff did not reply.

20   **Procedural History**

21        Plaintiff filed the original complaint on April 25, 2014 (#1),

22   and a notice of suspension of plaintiff's counsel on June 17, 2014

23   (#3). Defendant Mike Premo filed a motion to dismiss pursuant to

24   Federal Rule of Civil Procedure 12(b)(6) on July 10, 2014 (#5).

25   Thereafter, on July 23, 2014, the court stayed further action on

26   this matter until further order of the court (#7).

27        Attorney Brian R. Morris entered a notice of appearance on

28   behalf of plaintiff on August 25, 2014 (#10). Plaintiff

                                      1

subsequently moved for an extension of time to effect service on defendant David Severns (#11). The court granted the extension of time (#12) and on September 23, 2014, Mr. Severns was served (#23). On November 3, 2014, Mr. Severns joined Mr. Premo's motion to dismiss (#14).

On November 17, 2014, the court vacated the stay and granted plaintiff 20 days to respond to the motion to dismiss (#15). On December 10, 2014, plaintiff filed its response to defendant's motion to dismiss (#18), which consisted of a request to amend the complaint or, in the alternative, additional time to respond to defendants' motion to dismiss. After notice from the court that a motion for leave to file an amended complaint would need to be filed separately (#19), plaintiff filed the instant motion.

**Analysis**

Plaintiff requests the court allow an amended complaint to be filed as a matter of course. Alternatively, plaintiff contends justice requires the court to grant leave to amend.

**(a) Amending as a Matter of Course**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a motion under Rule 12(b). . . ." Fed. R. Civ. P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2).

More than 21 days have passed since plaintiff served the complaint on defendants on April 25, 2014. Additionally, 21 days have passed from the service of defendant's motion to dismiss

1  pursuant to rule 12(b) on July 10, 2014.

2      Plaintiff asserts the stay entered by the court on July 23,
3  2014, reset the clock for the 21 day window in which a plaintiff
4  may amend its pleading as a matter of course. The court finds this
5  assertion unavailing. When the court vacated the stay on November
6  17, 2014, plaintiff had until November 27, 2014, to file an
7  amendment as a matter of course.[1] Plaintiff did not file an amended
8  complaint until December 10, 2014, in response to defendants'
9  motion to dismiss. Accordingly, plaintiff's amended complaint
10 cannot be filed pursuant to Fed. R. Civ. P. 15(a)(1).

11     **(b) Consent**

12     Plaintiff contends the court should permit the amendment under
13 Fed. R. Civ. P. 15(a)(2), which requires the opposing party's
14 written consent or the court's leave.

15     The defendants have not given their consent; instead,
16 defendants filed an opposition. Plaintiff seeks leave from the
17 court to file the amended complaint.

18     **(c) Leave of Court**

19     Rule 15(a)(2) provides that leave to amend a complaint should
20 be "freely given when justice so requires."  Fed. R. Civ. P.
21 15(a)(2). "This policy is to be applied with extreme liberality."
22 *Eminence Capital, LLC* v. *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th
23 Cir. 2003).  "Four factors are commonly used to determine the
24 propriety of a motion for leave to amend.  These are: bad faith,
25 undue delay, prejudice to the opposing party, and futility of
26 amendment." *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

27

28     [1]Three days were added pursuant to Fed. R. Civ. P. 6(d).

3

(citations and internal quotation marks omitted). The factors are not to be given equal weight. *Eminence Capital*, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. *Id.* Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

The party opposing the amendment carries the burden of showing why leave to amend should not be granted. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The trial court has discretion to grant or deny leave to amend. *See Cal. v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

Defendants oppose plaintiff's motion to amend, contending the amended complaint fails to add anything to the original complaint that is material to the issues raised in defendants' motion to dismiss. The court agrees.

Plaintiff's motion summarily states, "[t]he Amended Complaint addresses both Defendants' dismissal issues as well as the request for a more definite statement. The attached Amended Complaint contains certain statements that are in bold print to economically point out what was amended for the purpose of addressing the issues raised in Defendants' motion." Mot. #18 at 2:13-16. However, the added bold sections in the amended complaint are insufficient to justify granting the motion to amend. Consequently, the proposed amendment would be futile.

///

4

**Conclusion**

Accordingly, and based on the foregoing, plaintiff's motion for leave to file an amended complaint (#20) is **DENIED.**

Plaintiff's alternative motion to extend the time to respond to defendant's motion to dismiss is **GRANTED.**

Plaintiff shall have until February 16, 2015, to file a response to defendants' motion to dismiss (#5). Defendants shall have until February 25, 2015, to file any reply.

IT IS SO ORDERED.

DATED: This 2nd day of February, 2015.

_____

UNITED STATES DISTRICT JUDGE